UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGER SPORTS, LLC d/b/a RARE BREED,<br><br>                 Plaintiff,<br><br>    v.<br><br>RUTGERS, THE STATE UNIVERSITY, ARIN BLAZEK a/k/a A.J. BLAZEK in his individual and official capacity, ABC CORPS. 1-10 (names being fictitious and unknown but described as those companies associated with Rutgers University and/or Arin Blazek that assisted with or promoted trademark infringement and other unlawful acts), and JOHN DOES 1-10 (names being fictitious and unknown but described as those individuals associated with Rutgers University and/or Arin Blazek that assisted with or promoted trademark infringement and other unlawful acts),<br><br>                 Defendants. | Case No. 3:17-CV-08015 (BRM) (DEA)<br><br>**[PROPOSED]**<br>**PRELIMINARY INJUNCTION ORDER** |

Plaintiff Anger Sports, LLC d/b/a Rare Breed ("Rare Breed"), having commenced this Action by Complaint, and thereafter moving for preliminary injunctive relief pursuant to Fed. R. Civ. P. 65(a), and the Court having considered the Complaint, Plaintiff's Motion for a Preliminary Injunction, the declarations, exhibits, and memoranda of law filed in support and opposition thereto, and upon oral arguments hear by this Court on _____, 2017, this Court finds as follows:

1

1. This Court has jurisdiction over the parties and the subject matter of this case.

2. Venue lies properly in this Court.

3. Plaintiff Anger Sports, LLC d/b/a Rare Breed is likely to succeed on the merits of its claim that the defendants Rutgers, The State University and Arin Blazek a/k/a A.J. Blazek have engaged in and are likely to engage in conduct that violates, among other laws, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including its trademark infringement claim under 15 U.S.C. § 1114 and its unfair competition claim under 15 U.S.C. §1125(a).

4. Plaintiff Anger Sports, LLC d/b/a Rare Breed has demonstrated a likelihood of immediate and irreparable damage to this Court's ability to grant effective final relief in the form of monetary damages absent preliminary injunctive relief.

5. Weighing the equities and potential harms to the defendants Rutgers, The State University and Arin Blazek a/k/a A.J. Blazek, the harm that a preliminary injunction would have on the defendants outweighs the benefits to Rare Breed.

6. The requested preliminary injunction is in the public interest.

7. The security requirements of Fed. R. Civ. P. 65(a) is hereby waived.

## DEFINITIONS

For purposes of this Preliminary Injunction Order ("Order"), the following definitions shall apply:

1. **"Defendants"** means Rutgers, The State University and/or Arin Blazek a/k/a A.J. Blazek.

2. **"Junior Marks"** means any of the following marks, or any marks that are substantially similar to or derivative of, the following:

;

;

3

>RaRe bReed;

>#RareBreed;

>#RaRebRēds;

>#RareBreeds17;

>#RareBreed18; and

3. **"Rare Breed Hashtag"** means any combination, phonetic representation, or other variation of the letters (RAREBREED), whether lowercased or uppercased, in any font, preceded by the hashtag symbol (#).

## ORDER

**IT IS HEREBY ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from engaging in the following conduct as it relates to the Junior Marks:

4

a. Using any reproduction, counterfeit, copy or colorable imitation of the Junior Marks, for and in connection with the Rutgers Scarlet Knights football program;

b. Using any reproduction, counterfeit, copy or colorable imitation of the Junior Marks, for or in connection with the any athletic program at Rutgers, The State University;

c. Manufacturing, designing or procuring any apparel or other merchandise bearing the Junior Marks;

d. Publishing the Junior Marks in any manner and in any medium, including on any social media account;

e. Using any false description or representation, including words or other symbols tending falsely to describe or represent the Defendants' as being affiliated with or associate with Rare Breed, or otherwise sponsored by or associated with Rare Breed;

e. Making any statement or representation whatsoever concerning the Junior Marks and/or Rare Breed;

f. Otherwise exploiting the Junior Marks; and

g. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth under the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants, directly or

through any corporation, partnership, subsidiary, division, trade name, or

other device, and their officers, agents, servants, employees, and

5

2969132_1\170714

attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from engaging in the following conduct as it relates to any Rare Breed Hashtag:

    a. Manufacturing, designing or procuring any apparel or other merchandise bearing any Rare Breed Hashtag;

    b. Publishing any Rare Breed Hashtag in any manner and in any medium, including on any social media account;

    c. Using any Rare Breed Hashtag for or in connection with the any athletic program at Rutgers, The State University.

_____

Brian R. Martinotti, U.S.D.J.