

MARTIN W. KAFAFIAN (NJ, NY, DC BARS)
ADOLPH A. ROMEI (NJ, NY BARS)
JOHN J. LAMB (NJ BAR)
ANTIMO A. DEL VECCHIO (NJ, NY, DC BARS)
ROBERT A. BLASS (NJ, NY BARS)
IRA J. KALTMAN (NJ, NY BARS)
ARTHUR N. CHAGARIS (NJ BAR)
STEVEN A. WEISFELD (NJ, NY BARS)
IRA E. WEINER (NJ BAR)
DANA B. COBB (NJ, NY BARS)
EMERY C. DUELL (NJ, NY BARS)
RENATA A. HELSTOSKI (NJ, NY BARS)
MICHAEL STERNLIEB (NJ BAR)
DANIELE CERVINO (NJ, NY BARS)

COUNSEL TO THE FIRM
JAMES R. BEATTIE (NJ BAR)
ROGER W. BRESLIN, JR. (NJ BAR)
THOMAS W. DUNN (NJ BAR)
JOSEPH A. RIZZI (NJ BAR)
PATRICK J. MONAGHAN, JR. (NJ, NY BARS)
MARY ELLEN B. OFFER (NJ, NY BARS)

RALPH J. PADOVANO (1935-2016)

OUR FILE NO.  –

COUNSELLORS AT LAW
50 CHESTNUT RIDGE ROAD, SUITE 208
P.O. BOX 244
MONTVALE, NEW JERSEY  07645-0244

(201) 573-1810

www.beattielaw.com

NEW YORK OFFICE:
99 MAIN STREET, SUITE 319
NYACK, NEW YORK 10960
(845) 512-8584

OF COUNSEL
BRENDA J. STEWART (NJ BAR)
ARTHUR M. NEISS (NJ, NY BARS)

KATHLEEN S. COOK (NJ, NY, GA BARS)

JAMES V. ZARRILLO (NJ, NY BARS)
JEANETTE A. ODYNSKI (NJ, NY BARS)
DANIEL L. STEINHAGEN (NJ, NY BARS)
CRISTIN M. KEEGAN (NJ, NY BARS)
MARTIN R. KAFAFIAN (NJ, NY BARS)
MARIYA GONOR (NJ, NY BARS)
EDWARD R. GROSSI (NJ, NY BARS)
JOSEPH E. BOCK, JR. (NJ, PA BARS)

FAX:  (201) 573-9736
FAX:  (201) 573-9369

Reply to New Jersey Office
Writer's Direct Access
Email:  mrk@beattielaw.com
Direct Dial:  (201) 799-2102

November 17, 2017

*Via CM/ECF*

Hon. Michael A. Shipp, U.S.D.J.
Clarkson S Fisher Federal Bldg. & U.S. Courthouse
Room 5W
402 E. State Street
Trenton, NJ 08608

> Re: *Anger Sports, LLC d/b/a Rare Breed v. Rutgers, The State University and Arin Blazek a/k/a A.J. Blazek*, Case No. 3:17-cv-08015 (BRM) (DEA)
> **Meet and Confer**

Dear Judge Shipp:

    This firm represents plaintiff Anger Sports, LLC d/b/a Rare Breed ("Rare Breed"). I write concerning the instructions issued by Judge Martinotti during a telephone conference held Monday, November 13, 2017. The parties were advised to contact their clients and as to whether a request would be made that Judge Martinotti recused Himself from this matter. The Parties were to advise the Court within three days of that conference. Also, by way of background, Rare Breed filed a motion for preliminary injunctive relief under Fed. R. Civ. P. 65(a), which motion is returnable on Monday, November 20, 2017.

    On Monday, November 13, 2017, at 12:49 p.m., I advised Defendants' counsel of Plaintiff's position on this issue. I twice asked Defendants' counsel whether they had an answer. I received no response—not even an acknowledgment of my emails—until 1:49 p.m., November 16, 2017. The timing is suspicious, given the November 20 motion return date.

    Shortly after receiving that response, during a telephone conference with Defendants' counsel, I asked (1) when the Defendants were first contacted by counsel about the recusal issue, and (2) when the Defendants responded to counsel as to their position.[1] Counsel stated that they

---

[1] I made a similar request via email on November 16, 2017.

*Forty-Seven Years of Service*

Hon. Michael A. Shipp, U.S.D.J.
November 17, 2017
Page 2

would not disclose this information, namely, the timing of these communications, because doing so would violate the attorney-client privilege.

      To be clear, this information is not protected by the attorney-client privilege. The attorney-client privilege protects the content of a communication between an attorney and her client made in furtherance of seeking legal advice, not the facts surrounding that communication. *See Uphohn Co. v. U.S.*, 449 U.S. 383 (1981). It is blackletter law that the occasion and circumstances of a communication are discoverable. *Stabilus v. Haynsworth, Bladwin, Johnson and Greaves, P.A.*, 144 F.R.D. 258, 268 (E.D Pa. 1992); *see also, Refuse & Environmental Systems, Inc. v. Industrial Services of America*, 120 F.R.D. 8, 10 (D. Mass. 1988) ("To avoid confusion, the court notes that plaintiffs may inquire, for example and without limitation, as to the dates, times, places and duration of meetings between Attorney Joseph and his clients."). Contrary to the Defendants' position, circumstances like timing are frequently relevant to determining whether a communication is privileged. For example, certain communications between a debtor and attorney *prior* to filing a bankruptcy petition are not privileged. *See United States v. White*, 950 F2d 426, 430 (7th Cir. 1991). In such cases, timing must be disclosed as a precondition to making a privileged determination. When this matter proceeds to discovery, we will seek to understand when, exactly, these communications were made.

      Any delays by the Defendants should be noted. Rare Breed respectfully requests that its pending motion be heard as soon as possible given the quasi-emergent relief sought therein. If the Defendants' conduct proceeds unabated, Rare Breed will continue to incur harms.

      Respectfully submitted,

      */s/ Martin R. Kafafian*
      Martin R. Kafafian

Attachment
cc:    Bruce Sales, Esq. (*via CM/EFC and email*)
       Anger Sports, LLC d/b/a Rare Breed (*via email*)